IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUDHIRBHAI PATEL | * |
| 8757 Georgia Avenue, Suite 400 | * |
| Silver Spring, Maryland 20910 | * |
| | * |
| And | * |
| | * |
| BHAMINI PATEL | * |
| 8757 Georgia Avenue, Suite 400 | * |
| Silver Spring, Maryland 20910 | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. _____ |
| | * |
| DHANYA PROPERTIES, LLC | * |
| 920 Dual Highway | * |
| Hagerstown, Maryland 21740 | * |
| | * |
| SERVE:  Kaushik Kakkad | * |
| 920 Dual Highway | * |
| Hagerstown, Maryland 21740 | * |
| | * |
| And | * |
| | * |
| KAUSHIK KAKKAD | * |
| 920 Dual Highway | * |
| Hagerstown, Maryland 21740 | * |
| | * |
| Defendant. | * |

*****************************************************************************

## SUMMARY

1.      Dhanya Properties, LLC ("Dhanya") and its individual owner Kaushik Kakkad ("Kakkad") (together, "Defendants") own and operate the Quality Inn and Suites and the Econo Lodge, both located in Hagerstown, Maryland.

2.      Defendants perpetrated a compensation policy that resulted in a failure to pay Sudhirbhai Patel ("Mr. Patel") and Bhamini Patel ("Mrs. Patel") (together, "Plaintiffs") wages for hours worked at rates required by the Federal Fair Labor Standards Act ("FLSA"), the

Maryland Wage Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL").

3.      In this action, Plaintiffs seek to recover the unpaid wages, statutory liquidated damages, and attorney's fees and costs against Defendants, jointly and severally.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

5.      This Court properly confers supplemental jurisdiction over alleged common and interrelated state law and equity claims seeking recovery of unpaid wages and damages.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7.      Dhanya is a business entity formed under the laws of the State of Maryland and operating out of a principal office located in Hagerstown, Maryland.

8.      At all times relevant to this action, Dhanya operated continuously and substantially as the Quality Inn and Suites Hotel and the Econo Lodge Hotel in Hagerstown, Maryland.

9.      At all times relevant to this action, Kakkad was the primary owner and managing member of Dhanya.

10.     During the period relevant to this action, Kakkad, individually, was the most senior manager and supervisor for the Quality Inn and Suites and the Econo Lodge and was individually in charge of the day-to-day operation of Dhanya.

11.     During the period relevant to this action, Kakkad, had the power and authority to hire, fire, and dispense employment discipline against Plaintiffs.

2

12.     During the period relevant to this action, Kakkad, individually, set and determined Plaintiffs' rate and method of compensation.

13.     During the period relevant to this action, Kakkad, individually, was responsible for keeping and maintaining all employment records for and relating to Plaintiffs.

14.     During each year relevant to this action, Defendants operated as an enterprise engaged in commerce under the FLSA and had annual gross volume of sales more than $500,000.00.

15.     At all times relevant, both Defendants qualified as Plaintiffs' employers as defined by the FLSA and Maryland law.

16.     Plaintiffs are each adult residents of Florida.

17.     During the period relevant to this action, Plaintiffs were each employed by Defendants as housekeepers at Defendants' Quality Inn and Suites and Econo Lodge Hotels in Hagerstown, Maryland.

18.     By acting as the named plaintiffs in this action, each Plaintiff, by including his/her name on the caption of this Complaint, affirms his/her written consent to participate as a plaintiff in this action seeking to recover unpaid wages and damages under the FLSA and Maryland law.

## FACTS

19.     Mr. Patel was employed by Defendants as a housekeeper assigned by Defendants to both the Quality Inn and the Econo Lodge locations in Hagerstown, Maryland for the period of about April 2018 through about March 29, 2020, and then again for about one week in July 2020.

20.     While employed, Mr. Patel customarily worked 8:00 AM until 4:30 PM, seven (7) days per week, for about 59.5 hours per week.

3

21. At all times during Mr. Patel's period of employ, Defendants had actual knowledge of all hours Mr. Patel worked and suffered or permitted Mr. Patel to work all hours herein alleged.

22. As to compensation, Defendants paid Mr. Patel a flat bi-weekly salary of $507.59 ever two (2) weeks, or $253.65 per week.

23. Calculated as an hourly rate, Defendants paid Mr. Patel at the rate of $4.26 per hour ($253.65 per week / 59.5 hours per week = $4.26).

24. The rate Defendants paid Mr. Patel for non-overtime hours (40 and less) worked each week was less than the applicable Federal Minimum Wage ($7.25 per hour) and Maryland Minimum Wage  – April 2018 – June 2018:  $9.25 per hour; July 2018 – December 2019: $10.10 per hour; and January 2020 – End of Employment:  $11.00 per hour.

25. The rate Defendants paid Mr. Patel for overtime hours (over 40) worked each week was less than the required Maryland and Federal overtime rate (the higher of 1.5x Mr. Patel's regular rate or 1.5x the highest applicable Minimum Wage).

26. Mrs. Patel was employed by Defendants as a housekeeper assigned to both the Quality Inn and the Econo Lodge locations for the period of about April 2018 through about July 19, 2020.

27. For about the first year of Mrs. Patel's employment, Defendants paid Mrs. Patel and Mr. Patel for all hours worked by both Plaintiffs in one single paycheck.  As such, Mrs. Patel did not receive an individual paycheck from Defendants until about March 2019.

28. While employed, Mrs. Patel customarily worked 8:00 AM until 4:30 PM, seven (7) days per week, for about 59.5 hours per week.

4

29.     At all times during Mrs. Patel's period of employ, Defendants had actual knowledge of all hours Mrs. Patel worked and suffered or permitted Mrs. Patel to work all hours herein alleged.

30.     As to compensation, Defendants paid Mrs. Patel a flat bi-weekly salary of $507.59 ever two (2) weeks, or $253.65 per week.

31.     Calculated as an hourly rate, Defendants paid Mrs. Patel at the rate of $4.26 per hour ($253.65 per week / 59.5 hours per week = $4.26).

32.     The rate Defendants paid Mrs. Patel for non-overtime hours (40 and less) worked each week was less than the applicable Federal Minimum Wage ($7.25 per hour) and Maryland Minimum Wage – April 2018 – June 2018:  $9.25 per hour; July 2018 – December 2019:  $10.10 per hour; and January 2020 – End of Employment:  $11.00 per hour.

33.     The rate Defendants paid Mrs. Patel for overtime hours (over 40) worked each week was less than the required Maryland/Federal overtime rate (the higher of 1.5x Mrs. Patel's regular rate or 1.5x the applicable Minimum Wage).

34.     At all times during Plaintiffs' period of employment, Defendants provided Plaintiffs with free housing on Defendants' hotel property.

35.     At no time during Plaintiffs' period of employment did Defendants say or otherwise suggest that Plaintiffs' housing was part of or otherwise included in Plaintiffs' compensation.  To the contrary, Defendants advised Plaintiffs the housing was free.

36.     No compensation document or tax information return ever issued by Defendants to Plaintiffs identified housing as part of Plaintiffs' compensation and/or identified an amount such as the cost or value of housing as part of Plaintiffs' compensation.

5

37.     At all times during Plaintiffs' period of employ, Defendants failed to pay Plaintiffs minimum wage and overtime compensation at rates and amounts required by the State of Maryland and the FLSA.

38.     At all times during Plaintiff's employment, Defendants had actual knowledge the rate and method Defendants used to pay Plaintiffs was in direct violation of the FLSA and Maryland law.

39.     Defendants' failure to pay Plaintiffs wages at rates required by the FLSA and Maryland law was willful, intentional, and not the product of a *bona fide* or good faith dispute.

## CAUSES OF ACTION

### COUNT I
**Violation of the FLSA Compensation Mandate**

40.     Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

41.     Pursuant to the FLSA, employers must pay employees such as Plaintiffs for non-overtime hours (40 and less) at an hourly rate not less than the Federal Minimum Wage.

42.     Pursuant to the FLSA, employers must pay employees such as Plaintiffs for overtime hours (40+) at an overtime hourly rate not less than 1.5x the employee's regular rate of pay or (if the employee is paid at a rate less than the minimum wage) at an overtime hourly rate not less than 1.5x the highest applicable minimum wage rate.

43.     As set forth above, Defendants failed to pay Plaintiffs for non-overtime hours worked at a rate at least equal to the Federal Minimum Wage.

44.     As set forth above, Defendants failed to pay Plaintiffs overtime wages for overtime worked over forty (40) hours per week at a rate in compliance with the FLSA overtime compensation mandate.

45.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
**(Violation of Maryland Wage and Hour Law)**

46.     Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

47.     Pursuant to the MWHL, employers must pay employees such as Plaintiffs for non-overtime hours (40 and less) at an hourly rate not less than the Maryland Minimum Wage.

48.     Pursuant to the MWHL, employers must pay employees such as Plaintiffs for overtime hours (40+) at an overtime hourly rate not less than 1.5x the employee's regular rate of pay or (if the employee is paid at a rate less than the minimum wage) at an overtime hourly rate not less than 1.5x the Maryland Minimum Wage.

49.     As set forth above, Defendants failed to pay Plaintiffs for non-overtime hours worked at a rate at least equal to the Maryland Minimum Wage.

50.     As set forth above, Defendants failed to pay Plaintiffs overtime wages for overtime worked over forty (40) hours per week at a rate in compliance with the MWHL overtime compensation mandate.

51.     The foregoing conduct, as alleged above, constitutes willful violations of the Maryland minimum wage and overtime compensation mandate.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### (Violation of the Maryland Wage Payment and Wage Collection Law)

52.     Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

53.     Without legal excuse or justification, Defendants withheld and failed to pay Plaintiffs all wages due for work duties performed in the State of Maryland as described above.

54.     Defendants' failure to pay Plaintiffs all wages due for work performed in the State of Maryland was with actual knowledge of illegality and was therefore willful and intentional, was not the result of any *bona fide* dispute between any Plaintiff and Defendants and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for unpaid wages in an amount to be proven at trial, plus two times (2x) times the amount of unpaid wages as additional damages (a total of trebled (3x) damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court appropriate.

Respectfully submitted,

___/s/ Gregg C. Greenberg___
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*

8